UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: STOCKX CUSTOMER DATA
SECURITY BREACH LITIGATION                              MDL No. 2920


### ORDER DENYING TRANSFER

**Before the Panel**: Defendants StockX LLC and StockX, Inc., move under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Michigan. This litigation consists of three actions pending in three districts, as listed on Schedule A.[1] Plaintiffs in three actions and a potential tag-along action oppose centralization. Plaintiffs in the Southern District of Florida and the Eastern District of Michigan actions alternatively suggest centralization in the Eastern District of Michigan. The Eastern District of Pennsylvania plaintiff alternatively suggests centralization in the Eastern District of Pennsylvania. Plaintiff in the Northern District of California *Esquer* potential tag-along action alternatively supports a Northern District of California transferee district. Plaintiff in the Eastern District of Michigan *I.S.* potential tag-along action takes no position on centralization, but if ordered, plaintiff suggests Eastern District of Michigan as the transferee district.

On the basis of the papers filed and hearing session held, we conclude that centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. These putative class actions stem from a data breach of defendants' website, which is an online platform to buy and sell like-new merchandise in four different categories: sneakers, watches, handbags and street wear. The breach was disclosed by StockX on August 3 and 9, 2019. Plaintiffs allege that StockX failed to put in place reasonable data security protections, allowing hackers to steal the personal information of 6.8 million customers. There are common factual and legal issues among these cases, but we are not persuaded that Section 1407 centralization is necessary.

Where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Defendants have failed to meet that burden here. This litigation involves only three actions and two potential tag-along actions that share relatively straightforward factual issues. Moreover, this litigation is not growing – the last of the five related cases was filed nearly three months ago in September 2019. In these circumstances, cooperation among the few involved courts and counsel is a workable alternative to centralization.

---

[1] The Panel has been notified of two potentially-related actions pending in the Northern District of California and the Eastern District of Michigan.

-2-

We have emphasized that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re: Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011). Given the options available to the parties and the courts – including agreeing to proceed in a single forum via Section 1404 transfer of all cases or other cooperative arrangements, such as a stay of other cases while a single, agreed-upon case proceeds – we are not persuaded that centralization is needed here.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is DENIED.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

**IN RE: STOCKX CUSTOMER DATA
SECURITY BREACH LITIGATION**               MDL No. 2920

## SCHEDULE A

<u>Southern District of Florida</u>

CASEY v. STOCKX, LLC, C.A. No. 1:19-23285

<u>Eastern District of Michigan</u>

I.C. v. STOCKX, LLC, ET AL., C.A. No. 2:19-12441

<u>Eastern District of Pennsylvania</u>

MCBRIDE v. STOCKX, LLC, C.A. No. 2:19-03685